# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

DARLENE R. REX,

      Plaintiff,

v.                                 CASE NO.  4:13cv671-RH/CAS

THE FLORIDA LEGISLATURE,

      Defendant.

_____/

## ORDER ON JURISDICTION

This is an employment-discrimination case.  The plaintiff asserts claims of disability discrimination, retaliation for complaining of disability discrimination, and retaliation for filing a workers' compensation claim.  The plaintiff filed the case in state court.  The defendant removed the case to this court.  The removal of the workers' compensation retaliation claim raises a jurisdictional issue.  *See* 28 U.S.C. § 1445(c) ("A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.").

In *Reed v. Heil Co.*, 206 F.3d 1055 (11th Cir. 2000), the Eleventh Circuit

held nonremovable a retaliation claim under the Alabama workers' compensation

statute:

> Because we conclude that [removed] claims brought pursuant to
> Alabama's statute barring retaliation for the filing of workers'
> compensation claims do arise under that state's workers'
> compensation laws, the district court lacked jurisdiction to entertain
> Reed's retaliatory discharge claim.

*Id*. at 1057.

As an original matter, one might well question this result. The ban on

removal was intended, first and foremost, to keep federal courts out of the business

of administering a state's workers' compensation proceedings, not to prevent

federal courts from hearing ordinary employment lawsuits like this one. And the

ban was certainly not intended to split an ordinary lawsuit like this one into two

separate lawsuits, one litigated in state court, one in federal court. But *Reed* is the

binding law of the circuit.

Florida district courts, including this one, have applied *Reed* to retaliation

claims under the Florida workers' compensation statute. *See Bender v. Tropic Star*

*Seafood, Inc.*, No. 4:07-CV-438-SPM-WCS, 2008 WL 4621073 (N.D. Fla. Oct.

16, 2008); *Keaton v. L&W Supply Corp.*, No. 4:08cv72-RH/WCS, 2008 WL

846114 (N.D. Fla. Mar. 26, 2008); *Perdue v. Westpoint Home, Inc.*, No.

5:07CV192-RS-AK, 2007 WL 3202455 (N.D. Fla. Oct. 26, 2007); *Quitto v. Bay*

*Colony Golf Club, Inc.*, No. 2:06-CV-286-FtM-29DNF, 2006 WL 2598705 (M.D.

Fla. Sept. 11, 2006).

Procedural defects in removal are waived if not raised within 30 days. With

one exception, every circuit that has addressed the issue has held that the failure to

make a timely objection waives a § 1445(c) objection to removal. *See In re*

*Norfolk S. Ry. Co.*, 592 F.3d 907, 911-12 (8th Cir. 2010); *Vasquez v. N. Cnty.*

*Transit Dist.*, 292 F.3d 1049, 1062 (9th Cir. 2002); *Wiley v. United Parcel Serv.,*

*Inc.*, 11 F. App'x 176, 177-78 (4th Cir. 2001); *Feichko v. Denver & Rio Grande W.*

*R.R. Co.*, 213 F.3d 586, 589 (10th Cir. 2000) (construing § 1445(a)); *Williams v.*

*AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 786-88 (5th Cir. 1993);

*Lirette v. N.L. Sperry Sun, Inc.*, 820 F.2d 116, 117 (5th Cir. 1987) (construing

§ 1445(a)). Nearly all district courts that have addressed the issue have agreed.

*See*, *e.g.*, *Dooley v. United Indus. Corp.*, No. 10-cv-37-JPG, 2010 WL 3522807, at

*5 n.4 (S.D. Ill. Sept. 2, 2010); *Daly v. Norfolk S. R.R. Co.*, No. 09-4609(WJM),

2010 WL 572116, at *1 (D.N.J. Feb. 17, 2010) (construing § 1445(a)); *Hackworth*

*v. Guyan Heavy Equip., Inc.*, 613 F. Supp. 2d 908, 913 (E.D. Ky. 2009); *Spellman*

*v. United Parcel Serv., Inc.*, 540 F. Supp. 2d 237, 241 n.10 (D. Me. 2008);

*Sandlass v. Sears, Roebuck & Co.*, 462 F. Supp. 2d 701, 705 (D. Md. 2006);

*Barber v. Pepsi-Cola Pers., Inc.*, 78 F. Supp. 2d 683, 694-95 (W.D. Mich. 1999);

*Nielsen v. Weeks Marine Inc.*, 910 F. Supp. 84, 87 (E.D.N.Y. 1995) (construing

§ 1445(a)); *Ayers v. ARA Health Servs., Inc.*, 918 F. Supp. 143, 146-47 (D. Md. 1995); *Bearden v. PNS Stores, Inc.*, 894 F. Supp. 1418, 1424 (D. Nev. 1995).

The one circuit decision to the contrary is an unpublished—and thus nonbinding—Eleventh Circuit decision. In *Alansari v. Tropic Star Seafood Inc.*, 388 F. App'x 902 (11th Cir. 2010) (per curiam), the Eleventh Circuit held nonwaivable an objection to the removal of a workers' compensation retaliation claim. The court based its holding on a prior Eleventh Circuit case in which the plaintiff moved to remand and thus did not waive any objection to removal. *Id.* at 905 (citing *Reed v. Heil*, 206 F.3d 1055 (11th Cir. 2000)); *see also New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1096 n.5 & 1097 n.7 (11th Cir. 1997). Thus *Alansari* read *Reed* as establishing a nonwaiver rule that *Reed* did not address. But *Reed* and *New* did articulate their holdings as based on lack of "jurisdiction," as did an old Fifth Circuit case that remains binding. *See Gamble v. Cent. of Ga. Ry. Co.*, 486 F.2d 781, 785 (5th Cir. 1973) (construing § 1445(a)). A defect that is truly "jurisdictional" is usually nonwaivable.

In sum, *Alansari* is out of step with every other circuit that has addressed the issue. And it is unpublished and thus nonbinding. Still, it is a recent Eleventh Circuit decision squarely on point. District courts have disagreed on whether *Alansari* accurately sets out the law of the circuit. *Compare Lamar v. Home Depot*, No. 12-0552-WS-C, 2012 WL 6026272, at *1 n.4 (S.D. Ala. Dec. 3, 2012)

(persuasively suggesting that *Alansari* has it wrong), *with Formosa v. Lowe's Home Ctrs., Inc.*, 806 F. Supp. 2d 1181, 1185-86 (N.D. Ala. 2011) (concluding that *Alansari* sets out the settled law of the circuit).

Another development also affects the analysis. Congress recently adopted a statute that, at least at first blush, seems to make a § 1445(c) objection nonwaivable. Before the new legislation, 28 U.S.C. § 1441(c) allowed the removal of a case that included both a claim arising under federal law and an otherwise nonremovable claim that was "separate and independent" from the federal claim. The statute allowed the court to remand the otherwise-nonremovable claim. The statute did not apply to cases like this one, because here the removable claim and the otherwise-nonremovable workers' compensation retaliation claim arise from the same set of facts and thus are not "separate and independent" within the meaning of old § 1441(c). The new § 1441(c) applies more broadly to a case that includes both a claim that arises under federal law and either a claim that is not within a district court's original or supplemental jurisdiction "or a claim that has been made nonremovable by statute." Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 103(a)(4), 125 Stat. 758, 759 (2011) (codified at 28 U.S.C. § 1441(c)(1)). The new statute provides that, upon removal of such a case, the district court "shall sever" the otherwise-nonremovable

claims "and shall remand the severed claims" to state court. § 103(a)(4), 125 Stat. at 759 (codified at 28 U.S.C. § 1441(c)(2)).

On one reading, this makes it mandatory to remand a worker's compensation retaliation claim that, under § 1445(c), is nonremovable. Even so, at least two district courts in other circuits have held, even after the enactment of the new § 1441(c), that a plaintiff waives a § 1445(c) objection by failing to raise it within 30 days after removal. *See Collins v. Brice Bldg. Co.*, No. 12-2319, 2012 WL 6049149, at *3 n.3 (E.D. La. Dec. 5, 2012); *Thomas v. U.S. Foods, Inc.*, No. 8:12-cv-1221-JST (JEMx), 2012 WL 5634847, at *1 (C.D. Cal. Nov. 14, 2012).

The bottom line is this. Without the new statute, the law in the rest of the country was that a § 1445(c) objection was waivable. But the law in this circuit might have been to the contrary. A party trying to sustain federal jurisdiction over the workers' compensation retaliation claim in this case will face substantial headwinds: *Reed* held such a claim nonremovable; *Gamble* and *Reed* used jurisdictional language in enforcing § 1445; *Alansari* squarely held a § 1445(c) objection nonwaivable; and Congress now has said that, going forward, a district court "shall" remand a claim made nonremovable by statute. One might question whose interest it serves to have two lawsuits in this situation rather than one, but the question seems to have had little effect in *Alansari*.

In any event, if both sides truly wish to litigate in a single forum and can agree on whether to do it in state or federal court, they apparently can bring about the desired result, either by having the plaintiff file a new case in federal court asserting all the claims, or by having the plaintiff file a new case in state court that the defendant does not remove. In short, they can start over. But they can't get there from here, at least on *Alansari*'s view of *Reed*.

For these reasons,

IT IS ORDERED:

A party who objects to remand of the workers' compensation retaliation claim—and retention of the remainder of the case—must file a memorandum on jurisdiction by January 10, 2014. If no party files a memorandum, the workers' compensation claim will be remanded, and the remainder of the case will stay here.

SO ORDERED on December 20, 2013.

s/Robert L. Hinkle
United States District Judge